P. W. GALLAGHER & CO. v. CHAS. HEIDENHEIMER & CO.

(No. 2019.)

APPEAL from Gonzales County. Opinion by WILL-SON, J.

FLY, DAVIDSON & DAVIDSON, counsel for appellants.

PONTON & FLY, counsel for appellees.

§ **132.** *Partnership; liability of members of to parties dealing with; case stated.* Appellees drew a sight draft upon appellants, in favor of Dilworth, for $283.58. Dilworth presented said draft to appellants, and it was accepted in the name of the firm by Gallagher, a member of said firm. Appellants failing to pay said draft, appellees brought this suit upon said acceptance and recovered judgment for the amount sued for and costs. The firm of P. W. Gallagher & Co. was composed of said Gallagher and W. D. W. Peck. Peck pleaded specially, in substance, the written articles of copartnership between himself and Gallagher, alleging that by the terms thereof said Gallagher had no authority whatever to bind him by said acceptance, or in any other manner, for said alleged indebtedness, and that appellees and Dilworth, at the time of the execution of said draft, and at the time of its acceptance, were cognizant of the terms of said articles of copartnership, and knew that by the terms thereof said Gallagher had no authority to bind him, the said Peck, for said indebtedness. *Held,* although such may have been the terms of the partnership, still both partners must be held liable to third parties dealing with them as a firm, unless such third parties, at the time of so dealing, had notice of the limited liability of Peck. Without such notice, third parties dealing with either member of said firm would be warranted in believing that the firm was bound; for in law, the act of one partner within the scope of the partnership business, is binding upon all. [W. & W. Con. Rep. §§ 138, 1333.] It matters not then how restricted, as between the partners,

168

may be the liability of one member of the firm, such member will be liable to a third party dealing with the other member of such firm, unless notice of such restricted liability is chargeable to such third party.

§ **133.** *Notice of limited liability of partner; effect of notice to agent; record of articles of partnership not notice, when.* It is well settled that a person who deals with a partnership after he has express notice of the limited liability of one of the firm is bound by such limitation. [W. & W. Con. Rep. § 112.] In this case no such express notice is shown. It was not proved that appellees ever had actual notice of the alleged limited liability of Peck. It is claimed that Dilworth was the agent of appellees, and that he knew of Peck's limited liability, and that this knowledge on the part of the agent should be imputed to the principals. It appears from the evidence that the only connection that Dilworth ever had with the transaction was that merely of a collector; that being a banker, appellees sent the draft to him for collection, and for this purpose only he received and presented it. He had no knowledge of the indebtedness represented by the draft. Although he knew that Peck's liability was a limited one by the articles of copartnership, he did not know that it was limited as to this particular indebtedness. He did not bear such relation to appellees in this transaction as that even actual notice to him of all the particulars of Peck's non-liability for this particular indebtedness, would be actual notice to appellees. If the partnership had been a statutory limited one, the record of the partnership agreement in Gonzales county would be notice of the limitations therein contained. But it was not such a partnership. It is wanting in many of the essential requisites of such a partnership. [R. S. title 68, p. 492.] Not being such a partnership, the record of the articles of copartnership was not notice of the limited liability of Peck, because such record was not required or provided for by law.

March 6, 1886.                              Affirmed.